**Tiemoko COULIBALY, Petitioner**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent**

**No. 14-1255
Consolidated with 14-1256
September Term, 2017**

United States Court of Appeals, District of Columbia Circuit.

Filed on: November 21, 2017

Tiemoko Coulibaly, Pro Se

Matthew Edward Bradley, Calvin M. Morrow, Katherine Michelle Smith, Merits Systems Protection Board, (MSPB) Office of the General Counsel, Washington, DC, for Respondent

Michael Julian Gottlieb, Attorney, Aaron Edgar Nathan, Boies Schiller Flexner LLP, Washington, DC, for Appointed Amicus Curiae for Petitioner Michael Julian Gottlieb

Before: Tatel and Kavanaugh, Circuit Judges, and Silberman, Senior Circuit Judge.

### JUDGMENT

This case was considered on the record from the Merit Systems Protection Board, and on the briefs and oral arguments of the parties. The Court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* Fed. R. App. P. 36; D.C. Cir. R. 36(d). It is

**ORDERED** and **ADJUDGED** that the petitions for review of the Merit Systems Protection Board's decisions dated September 24, 2014, and October 6, 2014, be **DENIED**.

Coulibaly used to work at the State Department. His employment was terminated. He then filed a whistleblower complaint with the Board claiming, among other things, that the termination was in retaliation for his earlier filing of a race discrimination complaint. Applying long-standing Federal Circuit precedent, the Merit Systems Protection Board ruled that Coulibaly's complaint was not a whistleblower complaint but rather was a discrimination-related claim, which meant that the claim did not fall within the Board's jurisdiction under the whistleblower-specific path to Board review that Coulibaly had pursued.

In this Court, Coulibaly first argues that the Board should have considered the merits of Coulibaly's retaliation claim. We disagree.

To begin with, the parties agree (and so do we) that this Court has appellate jurisdiction over Coulibaly's petitions. Under the so-called all-circuit-review statute, which is temporary and soon to expire, "a petition to review a final order or final decision of the Board that raises no chal-

lenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D) shall be filed in the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction." 5 U.S.C. § 7703(b)(1)(B). Although convoluted, that provision in plainer English means the following as applied to this situation: When the Board decides whether it has authority to consider an alleged whistleblower claim described in 5 U.S.C. §§ 2302(b)(8) or 2302(b)(9)(A)(i), (B), (C), or (D), this Court has appellate jurisdiction over the Board's decision on that question, at least for petitions filed in this Court before this appellate review provision expires at the end of 2017.

On the merits here, we agree with the Board and with the Federal Circuit's longstanding precedent, which Congress has been aware of but has never overturned. Filing a race discrimination complaint is not akin to filing a whistleblower complaint that is covered by Sections 2302(b)(8), 2302(b)(9)(A)(i), (B), (C), or (D). Those whistleblower provisions cover employees who make allegations about general wrongdoing at the agency. Such employees may pursue their claims before the Board. But employees who specifically complain about discrimination against them (or retaliation against them for having filed a discrimination claim) are not covered by the general whistleblower provisions and thus fall outside the Board's whistleblower jurisdiction. *See Spruill v. Merit Systems Protection Board*, 978 F.2d 679, 692 (Fed. Cir. 1992). We therefore agree with the Board's decision on this question.

In this case, Coulibaly also challenges a second Board decision arising out of his termination and the subsequent litigation. Coulibaly argues that the administrative

law judge who handled his first case retaliated against him, apparently because Coulibaly had engaged in supposedly protected whistleblowing by complaining. An administrative law judge concluded that this claim failed to allege protected whistleblowing activity and, in any event, was frivolous. On appeal, neither Coulibaly nor his court-appointed amicus challenge the judge's independently dispositive conclusion that Coulibaly's claim was frivolous. We therefore need not address whether Coulibaly's allegations, if true, described whistleblower retaliation.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. Rule 41(a)(1).