**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2022 MSPB 9**

Docket No. DC-1221-16-0227-W-1

**John S. Edwards,**

**Appellant,**

**v.**

**Department of Labor,**

**Agency.**

May 5, 2022

Peter Broida, Esquire, Arlington, Virginia, for the appellant.

Elizabeth L. Beason, Esquire and Rolando Valdez, Esquire, Washington, D.C., for the agency.

**BEFORE**

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

**OPINION AND ORDER**

¶1 The appellant has filed a petition for review of an initial decision that dismissed his individual right of action (IRA) appeal for lack of jurisdiction. For the reasons set forth below, we DENY the petition for review and DISMISS the appeal for lack of jurisdiction, finding that the appellant did not make a protected disclosure under 5 U.S.C. § 2302(b)(8), or engage in protected activity under 5 U.S.C. § 2302(b)(9)(A)(i) or 5 U.S.C. § 2302(b)(9)(B).

## BACKGROUND

¶2 The essential facts, as set forth in the initial decision and not contested on review, are that the appellant was a GS-15 Deputy Director of the agency's Employment and Training Administration, Office of Information Systems and Technology, when he verbally "disclosed and protested" to his supervisors their alleged failure to provide opportunities and assignments to African American employees because of their race. Initial Appeal File (IAF), Tab 14, Initial Decision (ID) at 1-2; IAF, Tab 5 at 5. He also disclosed to his supervisors their alleged discrimination when they refused to promote one of the appellant's subordinates to a vacant supervisory position for which he had competed, allegedly because of the subordinate's race (African American). ID at 2; IAF, Tab 5 at 6. At about the same time, the appellant filed complaints of systemic race discrimination against African American employees under the agency's Harassing Conduct Policy and with the agency's Equal Employment Opportunity (EEO) Office. ID at 2; IAF, Tab 5 at 5-6. Within a few months after these actions, the agency reassigned the appellant to a nonsupervisory GS-15 position and posted his former position for recruitment. ID at 2; IAF, Tab 5 at 6, Tab 11 at 5.

¶3 The appellant filed a complaint with the Office of Special Counsel (OSC) alleging that his reassignment was in reprisal for his disclosures. IAF, Tab 1 at 20-49. After OSC closed its investigation, the appellant filed a timely IRA appeal alleging, among other things, that the Board had jurisdiction over his appeal pursuant to 5 U.S.C. §§ 2302(b)(8) and 2302(b)(9). IAF, Tab 1 at 8-12, 16-17.

¶4 After acknowledging receipt of the appeal, IAF, Tab 2, the administrative judge issued an order noting that there was a question regarding whether the Board had jurisdiction over the appeal, setting forth the jurisdictional burdens of proof, and ordering the appellant to respond. IAF, Tab 3. In response, the appellant argued that his statements and complaints regarding race discrimination

constituted disclosures of an abuse of authority protected under 5 U.S.C. § 2302(b)(8) and lawful assistance to African American employees protected under 5 U.S.C. § 2302(b)(9)(B).  IAF, Tab 5 at 25-26.

¶5        In her initial decision, the administrative judge found that the appellant exhausted his remedies before OSC.  ID at 6.  She then found that the appellant failed to make a nonfrivolous allegation that his statements or complaints were protected under either 5 U.S.C. § 2302(b)(8) or § 2302(b)(9)(B).  ID at 7-11.  Specifically, the administrative judge found that the appellant's allegations of discrimination did not constitute disclosures of an abuse of authority protected under 5 U.S.C. § 2302(b)(8) because the allegations related solely to discrimination matters covered by 5 U.S.C. § 2302(b)(1),[1] and such matters are not covered by section 2302(b)(8).  ID at 8-9.  The administrative judge noted that one Board decision, *Armstrong v. Department of Justice*, 107 M.S.P.R. 375, ¶ 17 (2007), held that the Board has IRA jurisdiction under section 2308(b)(8) over a disclosure regarding an EEO violation, but she found that it was inconsistent with the weight of Board authority, and she did not follow it.  ID at 10 n.2.  She found further that the appellant's EEO complaint regarding discrimination against other agency employees was covered by 5 U.S.C. § 2302(b)(9)(A)(ii) and did not fall within the Board's jurisdiction.  ID at 9-10.

¶6        The administrative judge also found that the appellant's support for African American employees did not constitute the giving of lawful assistance in their exercising any right regarding any appeal, complaint, or grievance and, therefore, the appellant failed to make a nonfrivolous allegation that his actions were protected under 5 U.S.C. § 2302(b)(9)(B).  ID at 10-11.  The administrative judge

---

[1] Section 2302(b)(1) provides, in relevant part, that "[a]ny employee who has authority to take, direct others to take, recommend, or approve any personnel action, shall not, with respect to such authority . . . discriminate for or against any employee or applicant for employment" on the basis of race, as prohibited under section 717 of the Civil Rights Act of 1964.

observed that the appellant did not allege that his coworkers engaged in protected activity.  ID at 11.

¶7    In his petition for review, the appellant argues that the administrative judge erred in failing to follow the precedent set forth in *Armstrong*, 107 M.S.P.R. 375, and *Kinan v. Department of Defense*, 87 M.S.P.R. 561 (2001).  Petition for Review (PFR) File, Tab 1 at 12-13.  The appellant also argues that under the Whistleblower Protection Enhancement Act (WPEA), Pub. L. No. 112-199, 126 Stat. 1465 (2012), his disclosures of violations of title VII of the Civil Rights Act of 1964 and his support for his colleagues are protected.  PFR File, Tab 1 at 15-20.  The agency has responded in opposition to the petition for review.  PFR File, Tab 5.

## ANALYSIS

¶8    The Board has jurisdiction over an IRA appeal if the appellant exhausts his administrative remedies before OSC and makes nonfrivolous allegations that: (1) he made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a).[2]  *Linder v. Department of Justice*, 122 M.S.P.R. 14, ¶ 6 (2014); *see*

---

[2] As argued by the appellant on review, the administrative judge stated in her initial decision that the appellant bears the burden of establishing by preponderant evidence that the Board has jurisdiction over his appeal.  PFR File, Tab 1 at 14; ID at 4. However, in the next paragraph of the decision, the administrative judge set forth the correct jurisdictional standard for an IRA appeal in which an appellant alleges a violation of 5 U.S.C. § 2302(b)(8).  ID at 4.  Moreover, the administrative judge applied the correct jurisdictional standard in her analysis of the evidence.  To the extent that the administrative judge erred in misstating at one point in the initial decision that the appellant must establish jurisdiction by preponderant evidence, her error did not prejudice the appellant's substantive rights and provides no basis to reverse the initial decision.  *Doe v. Department of Justice*, 118 M.S.P.R. 434, ¶ 41 (2012) (stating that an error that did not prejudice the appellant's substantive rights provides no basis to

5 U.S.C. §§ 1214(a)(3), 1221(e)(1). Here, the appellant exhausted his administrative remedies before OSC regarding his allegations that: (1) in violation of section 2302(b)(8), the agency retaliated against him for his alleged protected disclosures regarding his supervisors' purported failure to provide opportunities and assignments to African American employees, and the alleged refusal to promote his subordinate to a vacant supervisory position because of the subordinate's race; (2) in violation of section 2302(b)(9)(A)(i), the agency retaliated against him for his protected activity of filing a complaint of the agency's systemic race discrimination against African American employees under the agency's Harassing Conduct Policy and with the agency's EEO Office; and (3) in violation of section 2302(b)(9)(B), the agency retaliated against him for the protected activity of assisting another employee to exercise a right protected by section 2302(b)(9)(A). IAF, Tab 1 at 10-12, 24-49, Tab 5 at 29.

¶9        Thus, at issue in this appeal is whether the appellant made a nonfrivolous allegation that his disclosures and activity were protected under sections 2302(b)(8), 2302(b)(9)(A), and/or 2302(b)(9)(B). As explained below, while the appellant appears to have been admirably motivated in seeking to remedy perceived discrimination in his agency, we find that he failed to meet his jurisdictional burden, and that the proper forum for his allegation of retaliation for filing an EEO complaint is with the Equal Employment Opportunity Commission (EEOC).

---

reverse the initial decision); *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (same).

<u>The appellant's disclosures are not within the Board's jurisdiction under 5 U.S.C. § 2302(b)(8).</u>

*(1) Board and circuit courts' precedent have generally excluded EEO reprisal from consideration under 5 U.S.C. § 2302(b)(8).*

¶10     Board precedent has long held that reprisal for filing an EEO complaint is a matter relating solely to discrimination and is not protected by 5 U.S.C. § 2302(b)(8).  *See Williams v. Department of Defense*, 46 M.S.P.R. 549, 554 (1991).  A rationale for the finding in *Williams* was the 1987 Congressional testimony of the Special Counsel regarding a previous, unenacted version of the Whistleblower Protection Act[3] (WPA) expressing concern about granting IRA appeal rights to employees who also had the EEOC as an avenue to seek redress. *Williams*, 46 M.S.P.R. at 553-54; *Whistleblower Protection Act of 1987: Hearings Before the Subcomm. on Fed. Services, Post Off., & Civ. Serv. of the Comm. on Governmental Affairs*, *U.S. Senate*, 100th Cong. 138-39, 379-80 (1987).[4]

¶11     In *Von Kelsch v. Department of Labor*, 59 M.S.P.R. 503, 505-06 (1993), *overruled on other grounds by Thomas v. Department of the Treasury*, 77 M.S.P.R. 224, 236 n.9 (1998), *overruled by Ganski v. Department of the Interior*, 86 M.S.P.R. 32 (2000), the employee filed a claim for Federal Employees Compensation Act (FECA) benefits in which she alleged the purported use of sexually offensive language directed at her as the cause of her injury and then filed an IRA appeal asserting reprisal for whistleblowing and

---

[3] The Whistleblower Protection Act was enacted into law in 1989.  Pub. L. No. 101-12, 103 Stat 16 (1989).

[4] In *Ganski v. Department of the Interior*, 86 M.S.P.R. 32, ¶ 12 n.2 (2000), the Board held that it may rely on legislative history from the 100th Congress as an aid in interpreting the WPA, when the materials relate to language of bills that did not change before passage in the 101st Congress.  In the instant matter, the materials relate to a principle—excluding title VII-related matters from the whistleblower protection statute—that did not change in the ultimately enacted law.

exercising an appeal right. She also filed an EEO complaint regarding the same incident. *Von Kelsch*, 59 M.S.P.R. at 506.

¶12 While the Board found that it did not lack jurisdiction to hear and decide an IRA appeal simply because the disclosure was made in a FECA claim, the nature of Ms. Von Kelsch's disclosure of a purported title VII violation divested the Board of jurisdiction. *Id.* at 508-09. The Board held that the WPA's legislative history and structure indicate Congress' intent not to extend IRA appeal protection under section 2302(b)(8) for employees who allege that their agencies retaliated against them after they challenged practices made unlawful by title VII. *Von Kelsch*, 59 M.S.P.R. at 509. The Board further stated that, in creating an IRA appeal right under section 2302(b)(8), Congress expressed its intent to benefit those employees whose "only route of appeal [under the then-existing statute] is the OSC." *Von Kelsch*, 59 M.S.P.R. at 509 (citing S. Rep. No. 100-413 at 32 (1988)) (brackets in original).

¶13 Further, in *Redschlag v. Department of the Army*, 89 M.S.P.R. 589, ¶ 84 (2001), the Board held that it would not consider the appellant's purported disclosures that involved alleged discrimination or reprisal for engaging in activities protected by title VII. The Board found that, even if the disclosures were made outside of the grievance or EEO processes, such disclosures did not constitute protected whistleblower activity under 5 U.S.C. § 2302(b)(8) because they pertain to matters of discrimination covered by 5 U.S.C. § 2302(b)(1)(A). *Id.* Thus, Ms. Redschlag's disclosures of title VII-related matters—that she purportedly made to her Congressman, the agency's Criminal Investigation Division, and while participating in the Secretary of the Army's Focus Panel on Sexual Harassment—were not protected under section 2302(b)(8). *Id.* The decision in *Redschlag* cited the Board's previous decision in *Nogales v. Department of the Treasury*, 63 M.S.P.R. 460, 464 (1994), in which the Board stated that disclosures about discrimination based on sex, race, color, religion, or national origin are excluded from the coverage of section 2302(b)(8) because they

are covered by 5 U.S.C. § 2302(b)(1)(A) and that such disclosures are not within the purview of the Board's IRA jurisdiction regardless of the channels through which the employee makes the disclosure.

¶14    The Board's decisions are consistent with the decisions of the U.S. Court of Appeals for the Federal Circuit (Federal Circuit). In *Spruill v. Merit Systems Protection Board*, 978 F.2d 679, 680-81 (Fed. Cir. 1992), the employee filed an IRA appeal asserting that a 3-day suspension was taken in reprisal for his having filed a discrimination complaint with the EEOC. Like the Board, the court looked to the WPA's legislative history to support its finding that the EEO process was the appropriate forum for an employee alleging reprisal for filing a discrimination complaint. *Id.* at 690-92. The court observed that the division adopted by Congress, among other things, "avoids potentially conflicting procedures or outcomes," and "acknowledges the EEOC role as an expert agency in discrimination matters." *Id.* at 692. In *Serrao v. Merit Systems Protection Board*, 95 F.3d 1569, 1575 (Fed. Cir. 1996), the court restated the holding of its previous decision in *Spruill* that "the filing of a complaint with the [EEOC], in which an employee alleged discriminatory treatment by an agency in violation of title VII of the Civil Rights of 1964, did not constitute a whistleblowing disclosure within the meaning of section 2302(b)(8), but instead, was a nonwhistleblowing disclosure under section 2302(b)(9)(A)" (citing *Spruill*, 978 F.2d at 692). Most recently, in *Young v. Merit Systems Protection Board*, 961 F.3d 1323, 1327-28 (Fed. Cir. 2020), the court reiterated that discrimination claims may not be raised in an IRA appeal, because IRA appeals are limited to alleged violations of whistleblower protection statutes.

¶15      When confronted with the issue of whether a title VII matter is within the scope of the whistleblower protection statutes, the regional circuits that have addressed the issue have agreed with the Federal Circuit.[5]

¶16      The U.S. Court of Appeals for the Sixth Circuit affirmed a decision by the U.S. District Court for the Western District of Kentucky which determined that an employee's claims of sexual harassment, race discrimination, and associated retaliation were not appropriately categorized as whistleblower claims, holding that "when dealing with issues of employment discrimination, the WPA/WPEA is displaced and preempted by [t]itle VII." *Carrethers v. Esper*, No. 3:16-CV-62-CRS, 2019 WL 2330894, \*1, 5 (W.D. Ky. May 31, 2019), *aff'd sub nom. Carrethers v. McCarthy*, 817 F. App'x 88 (6th Cir. 2020).[6] Similarly, in a case before the U.S. Court of Appeals for the Seventh Circuit, an employee attempted to contest adverse actions based on his religion and national origin within the context of a WPA claim. The court held that "for [F]ederal employees claiming discrimination on the basis of religion and national origin (as well as reprisal for complaining about discrimination), [t]itle VII is the exclusive judicial remedy." *Malekpour v. Chao*, 682 F. App'x 471, 475-76 (7th Cir. 2017). The U.S. Court of Appeals for the District of Columbia Circuit also has agreed with the "Federal Circuit's longstanding precedent, which Congress has been aware of but has never overturned," that "employees who specifically complain about

---

[5] Historically, the Board has been bound by the precedent of the U.S. Court of Appeals for the Federal Circuit on this issue. However, as a result of changes initiated by the Whistleblower Protection Enhancement Act of 2012 (Pub. L. No. 112-199, § 108, 126 Stat. 1465, 1469 (2012)), extended for 3 years (All Circuit Review Extension Act, Pub. L. No. 113-170, § 2, 128 Stat. 1894 (2014)), and eventually made permanent (All Circuit Review Act, Pub. L. No. 115-195, 132 Stat. 1510 (2018)), we must consider this issue with the view that the appellant may seek review of this decision before any appropriate court of appeal. *See* 5 U.S.C. § 7703(b)(1)(B).

[6] The Board may follow a nonprecedential decision of a court when it finds its reasoning persuasive, as we do here. *Morris v. Department of the Navy*, 123 M.S.P.R. 662, ¶ 13 n.9 (2016).

discrimination against them (or retaliation against them for having filed a discrimination claim) are not covered by the general whistleblower provisions and thus fall outside the Board's whistleblower jurisdiction." *Coulibaly v. Merit Systems Protection Board*, 709 F. App'x 9, 10 (D.C. Cir. 2017). Further, prior to the passage of all circuit review, the U.S. Court of Appeals for the Third Circuit concluded that, while reprisal for EEO activity can form the basis of a title VII claim, it "generally does not encompass whistleblowing activity, which usually involves disclosures *outside* established procedures." *Fleeger v. Principi*, 221 F. App'x 111, 117 (3d Cir. 2007) (citing *Spruill v. Merit Systems Protection Board*, 978 F.2d 679 (Fed. Cir. 1992)).

¶17    In addition to finding that allegations of discrimination in violation of title VII cannot be brought under the whistleblower protection statutes, courts have also found that the reverse is true; allegations of reprisal for whistleblowing cannot be brought under title VII. *See Davis v. James*, 597 F. App'x 983, 987 (10th Cir. 2015) (finding that the plaintiff failed to establish that she opposed conduct prohibited by title VII because she alleged in her EEO complaint that she was actually retaliated against for whistleblowing about timecard fraud); *see also Jamil v. Department of Defense*, 910 F.2d 1203, 1207 (4th Cir. 1990) (explaining that title VII is not a general "bad acts" statute, and "only addresses discrimination on the basis of race, sex, religion, and national origin, not discrimination for whistleblowing"). Indeed, courts have long adopted the proposition that claims of discrimination in Federal employment are to be addressed solely through title VII. *See Brown v. General Services Administration*, 425 U.S. 820, 835 (1976) (stating that title VII "provides the exclusive judicial remedy for claims of discrimination in [F]ederal employment"); *see also Pretlow v. Garrison*, 420 F. App'x 798, 801 (10th Cir. 2011) (explaining that "[i]nsofar as [a Federal employee] complains of discrimination and associated retaliatory conduct, his exclusive remedy is provided by [t]itle VII"); *Mlynczak v. Bodman*, 442 F.3d 1050, 1057 (7th Cir. 2006) (referring to title VII

as the "exclusive judicial remedy for claims of discrimination in [F]ederal employment"). Thus, it is clear that separate remedies exist for redress of claims of discrimination and claims of reprisal for whistleblowing, and that claims must be brought under the appropriate statutory scheme. This further supports the conclusion that allegations of discrimination may not be brought under the whistleblower protection statutes.

*(2) The Board's decisions in Armstrong and Kinan are overruled.*

¶18        In *Armstrong*, 107 M.S.P.R. 375, ¶ 17, the case referenced by the appellant in his petition for review, the employee, among other things, disclosed to an Office of Inspector General investigator that none of the African American employees in the office had been afforded the opportunity to work on an assignment that was often an avenue to promotion. Thus, his disclosure related to purported violations of title VII. The Board agreed with the administrative judge that Mr. Armstrong's disclosure evidenced a violation of law, rule, or regulation or an abuse of authority. *Id.* The decision failed to discuss or even acknowledge the Board and court precedent set forth above regarding the scope of the coverage of 5 U.S.C. § 2302(b)(8), and provided no rationale for its departure from established precedent. *Armstrong*, 107 M.S.P.R. 375, ¶ 17.

¶19        In *Kinan*, 87 M.S.P.R. 561, ¶¶ 3-7, which the appellant also cited in his petition for review, the employee alleged that his employing agency first detailed and then reassigned him in reprisal for his disclosures that agency officials refused to hire African Americans, failed to take corrective action in a sexual harassment case, and retaliated against him for opposing his supervisor's discriminatory practices. The Board agreed with the administrative judge that corrective action was not warranted in the Board appeal because the agency established by clear and convincing evidence that it would have taken the same personnel action absent the protected disclosures, but the Board specifically addressed whether Mr. Kinan's disclosures were protected and whether he established that one or more of the disclosures was a contributing factor to the

personnel action. *Id.*, ¶¶ 9-10. In addressing whether the disclosures were protected, the Board explained that it found without merit the agency's argument that the disclosures were not protected under 5 U.S.C. § 2302(b)(8) because they related to EEO and grievance matters under 5 U.S.C. § 2302(b)(9). *Id.*, ¶ 13 n.2. The Board reasoned that Mr. Kinan did not file an EEO complaint on his own behalf, but complained to agency management about broader concerns, and thus, his disclosures fell under 5 U.S.C. § 2302(b)(8). *Id.* As in *Armstrong*, however, the *Kinan* decision failed to discuss or even acknowledge the Board and court precedent set forth above regarding the scope of the coverage of 5 U.S.C. § 2302(b)(8), and the reasoning the Board offered was inconsistent with established precedent.[7]

¶20    We cannot reconcile the decisions in *Armstrong* and *Kinan* with the weight and reasoning of the Board and court precedent discussed above. Accordingly, we overrule *Armstrong* and *Kinan* to the extent that they found that alleged reprisal for opposition to practices made unlawful by title VII constitutes a protected disclosure under section 2302(b)(8).

*(3) The WPEA does not extend the coverage of the whistleblower protection statutes to title VII-related matters.*

¶21    The appellant argues on review that, under the WPEA, the scope of the whistleblower protection statutes was expanded to include allegations of wrongdoing that fall within the purview of title VII. PFR File, Tab 1 at 15-20. To bolster this argument, the appellant cites the WPEA's legislative history,

---

[7] In support of the holding, the Board in *Kinan* cited the Federal Circuit's decision in *Ellison v. Merit Systems Protection Board*, 7 F.3d 1031, 1035 (Fed. Cir. 1993), for the proposition that matters that could have been asserted in a 5 U.S.C. § 2302(b)(9) proceeding do not lose 5 U.S.C. § 2302(b)(8) protection as long as they are raised outside of it as well. *Kinan*, 87 M.S.P.R. 561, ¶ 13 n.2. The decision in *Ellison* is inapposite to the issue at hand as the appellant in that case did not file an EEO complaint or engage in activity that could fall within the purview of title VII. *Ellison*, 7 F.3d at 1033-36.

which generally supports broadly interpreting the statutory scheme's protections. *Id.*

¶22    We agree that Congress intended the coverage of the whistleblower protection statutes to be broad. Nevertheless, the coverage is not boundless. Nothing in the statute or legislative history of the WPEA addresses *Williams*, *Spruill*, or their progeny. Thus, despite expanding the scope of whistleblower protection in other ways, nothing suggests that the WPEA altered the long-standing administrative and judicial interpretation that title VII-related claims are excluded from protection under the whistleblower protection statutes. Moreover, following the enactment of the WPEA, the circuit courts have reaffirmed that this interpretation is still controlling.[8] *See Young*, 961 F.3d at 1327-28; *Coulibaly*, 709 F. App'x at 10; *Malekpour*, 682 F. App'x at 475-75.

¶23    To be clear, we strongly condemn managers taking personnel actions in reprisal for engaging in any protected activity, including alleging violations of title VII. Congress has not left such employees without recourse. Rather, they may seek redress under title VII, which is enforced by the EEOC. Courts have interpreted the anti-retaliation provision of title VII as providing broad protection to those who raise title VII violations. *See, e.g.*, *Ray v. Ropes & Gray, LLP*, 799 F.3d 99, 107-08 (1st Cir. 2015); *Hashimoto v. Dalton*, 118 F.3d 671, 680 (9th Cir. 1997); *see also Crawford v. Metropolitan Government of Nashville & Davidson County, Tennessee*, 555 U.S. 271, 276 (2009).

---

[8] We have considered whether other statutes enacted since the WPEA became law cast doubt on the interpretation and find that none do. *See, e.g.*, National Defense Authorization Act of 2018, Pub. L. No. 115-91, 131 Stat. 1283 (2017); Dr. Chris Kirkpatrick Whistleblower Protection Act of 2017, Pub. L. No. 115-73, 131 Stat. 1235 (2017).

<u>The appellant failed to show that his complaints to the EEO Office or under the agency's Harassing Conduct Policy of systemic race discrimination against African American employees is protected activity under 5 U.S.C. § 2302(b)(9)(A)(i).</u>

¶24     Under 5 U.S.C. § 2302(b)(9)(A), it is a protected activity to exercise "any appeal, complaint, or grievance right granted by any law, rule, or regulation— (i) with regard to remedying a violation of [5 U.S.C. § 2302(b)(8)]; or (ii) other than with regard to remedying a violation of [5 U.S.C. § 2302(b)(8)]."  However, of the two provisions, an employee or applicant for employment may seek corrective action from the Board only for protected activity under 5 U.S.C. § 2302(b)(9)(A)(i).  5 U.S.C. § 1221(a); *Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 7 (2013).

¶25     As explained above, the substance of the appellant's complaints to the agency's EEO Office and under its Harassing Conduct Policy did not concern remedying an alleged violation of section 2302(b)(8).  Rather, he was seeking to remedy purported reprisal for matters covered by title VII.  Therefore, his complaints to the EEO Office and under the agency's Harassing Conduct Policy regarding race discrimination are not within the purview of section 2302(b)(9)(A)(i), and the Board lacks jurisdiction to consider such allegations in the context of this IRA appeal.  *Mudd*, 120 M.S.P.R. 365, ¶ 7; *see* 5 U.S.C. § 1221(a).

<u>The appellant failed to show that the Board has jurisdiction over his IRA appeal under 5 U.S.C. § 2302(b)(9)(B).</u>

¶26     The WPEA expanded the scope of 5 U.S.C. § 2302(b)(9)(B) to afford the Board jurisdiction in IRA appeals over allegations of reprisal for "testifying for or otherwise lawfully assisting any individual in the exercise of any" "appeal, complaint, or grievance right granted by any law, rule, or regulation."  WPEA § 101(b)(1)(A); 5 U.S.C. § 2302(b)(9)(A)-(B).  On review, the appellant argues that his disclosures and protests about racial discrimination constituted "lawful assistance" because "it is a regulatory requirement that employees

disclose abuse to appropriate authorities," and "discrimination, whether against oneself or others in the workplace, is a form of abuse which, when reported, deserves all available protection against reprisal." PFR File, Tab 1 at 11; *see* 5 C.F.R. § 2635.101(b)(11) (stating that Federal employees "shall disclose waste, fraud, abuse, and corruption to appropriate authorities"). The appellant also argues that the right to oppose discriminatory practices "is a fundamental component of the civil rights laws, and lawful assistance is embodied in the opposition clause" of the civil rights statutes. PFR File, Tab 1 at 11; *see* 42 U.S.C. § 2000e-3(a). Finally, he argues that the First Amendment to the Constitution guarantees the right to petition the Government for redress of grievances. PFR File, Tab 1 at 12.

¶27  We are not persuaded by these arguments. The statute provides that the Board has jurisdiction under section 2302(b)(9)(B) only when the individual for whom the appellant is testifying or is otherwise lawfully assisting in exercising "any appeal, complaint, or grievance right granted by any law, rule, or regulation." Accordingly, the Board has held that neither testifying on behalf of a coworker as part of an administrative investigation, nor filing a motion to dismiss a criminal indictment, were protected under section 2302(b)(9)(B) because these activities were not the exercise of an appeal, complaint, or grievance right by another employee, as they did not constitute initial steps toward taking legal action against the agency for perceived violations of employment rights.[9] *Graves v. Department of Veterans Affairs*, 123 M.S.P.R. 434, ¶ 18 (2016); *Linder*, 122 M.S.P.R. 14, ¶¶ 7-11.

---

[9] As discussed below, Congress has since explicitly protected under 5 U.S.C. § 2302(b)(9)(C) cooperating with or disclosing information to "any . . . component responsible for internal investigation or review." National Defense Authorization Act of 2018 § 1097(c)(1)(A).

¶28    Here, there is no indication in the record that the appellant's subordinate, who purportedly was denied a promotion based on his race, or any of the employees who allegedly were not afforded opportunities and assignments based on race, filed any appeal, complaint, or grievance. Accordingly, we find that, given the scope of the statutory language, there is no basis to conclude that the appellant's activities were protected by 5 U.S.C. § 2302(b)(9)(B), and we agree with the administrative judge that the appellant failed to make a nonfrivolous allegation regarding this statutory provision.

The amendment to 5 U.S.C. § 2302(b)(9)(C) contained in the National Defense Authorization Act of 2018 (2018 NDAA) is not retroactive and does not apply to this appeal.

¶29    Prior to December 12, 2017, the whistleblower protection statutory scheme provided that "cooperating with or disclosing information to the Inspector General of an agency, or the Special Counsel, in accordance with applicable provisions of law," is protected. 5 U.S.C. § 2302(b)(9)(C). Section 1097(c)(1) of the 2018 NDAA, Pub. L. No. 115-91, 131 Stat. 1283 (2017), amended section 2302(b)(9)(C) to provide that, in addition to the Inspector General of an agency or the Special Counsel, a disclosure to "any other component responsible for internal investigation or review" is also protected.

¶30    Here, as noted above, the appellant made purported disclosures to his supervisors, the EEO Office, and under the agency's Harassing Conduct Policy. ID at 1-2; IAF, Tab 5 at 5-6. All of the events relevant to this appeal occurred prior to the 2018 NDAA's enactment. Accordingly, we need not decide whether the appellant's disclosures fall within the coverage of the amended section 2302(b)(9)(C) because, as discussed below, the statutory provision is not retroactive and thus does not apply to this appeal.

¶31    The proper analytical framework for determining whether a new statute should be given retroactive effect was set forth by the Supreme Court in *Landgraf v. USI Film Products*, 511 U.S. 244, 280 (1994):

> When a case implicates a [F]ederal statute enacted after the events in suit, the court's first task is to determine whether Congress has expressly prescribed the statute's proper reach. If Congress has done so, of course, there is no need to resort to judicial default rules. When, however, the statute contains no such express command, the court must determine whether the new statute would have retroactive effect, i.e., whether it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed. If the statute would operate retroactively, our traditional presumption teaches that it does not govern absent clear congressional intent favoring such a result.

¶32        When Congress intends for statutory language to apply retroactively, it is capable of doing so very clearly.  *King v. Department of the Air Force*, [119 M.S.P.R. 663](#), ¶ 9 (2013) (citing *Presidio Components, Inc. v. American Technical Ceramics Corporation*, [702 F.3d 1351](#), 1364-65 (Fed. Cir. 2012) (giving retroactive effect to amendments enacted in 2011 in light of express statutory language applying the amendments to "all cases, without exception, that are pending on, or commenced on or after, the date of the enactment of this Act")).  Here, the 2018 NDAA as enacted is silent regarding the retroactivity of this amendment to the whistleblower protection statute.  Thus, applying the first part of the *Landgraf* test, we find that Congress has not expressly prescribed the statute's proper reach.

¶33        Turning to the second part of the *Landgraf* test, we find that the 2018 NDAA would increase the agency's liability for past conduct.  As noted above, when this appeal was filed, it was not a prohibited personnel practice under [5 U.S.C. § 2302](#)(b)(9)(C) to take a personnel action against an employee for making a disclosure to "any other component responsible for internal investigation or review."[10]  Thus, to now hold that such conduct, if it occurred

---

[10] Such a disclosure could have been protected if it fell within the coverage of [5 U.S.C. § 2302](#)(b)(8).

under the facts of this appeal, constituted a prohibited personnel practice, would increase the agency's liability.[11]  Accordingly, considering the test set forth in *Landgraf*, we find no basis for finding that the 2018 NDAA amendment to 5 U.S.C. § 2302(b)(9)(C) is retroactive.

¶34     In sum, while we reiterate that the appellant appears to have been admirably motivated in seeking to remedy perceived discrimination in his agency, in this appeal he has failed to meet his burden to make a nonfrivolous allegation that he engaged in activity protected by sections 2302(b)(8), 2302(b)(9)(A), or 2302(b)(9)(B).  Therefore, we conclude that the administrative judge properly dismissed this IRA appeal for lack of jurisdiction, and that this complaint more properly belongs before the EEOC under title VII itself.

## ORDER

¶35     This is the final decision of the Merit Systems Protection Board in this appeal.  Title 5 of the Code of Federal Regulations, section 1201.113 (5 C.F.R. § 1201.113).

## NOTICE OF APPEAL RIGHTS[12]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit

---

[11] Although this provision was requested by OSC following the Board's decision in *Graves*, 123 M.S.P.R. 434, nothing in the 2018 NDAA, the standalone Office of Special Counsel Reauthorization Act of 2017 in which the provision first appeared, S. 582, 115th Cong. (2017), or the latter's bill report indicated that it was intended to clarify an existing law.  *Cf. Day v. Department of Homeland Security*, 119 M.S.P.R. 589, ¶¶ 10-26 (2013).

[12] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under <u>5 U.S.C. § 2302</u>(b)(8) or other protected activities listed in <u>5 U.S.C. § 2302</u>(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[13]  The court of appeals must <u>receive</u> your petition for

---

[13] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals

review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:


/s/
_____

Jennifer Everling
Acting Clerk of the Board
Washington, D.C.