## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| MARIO R. VALENZUELA,<br> Appellant, | DOCKET NUMBER<br> SF-1221-17-0541-W-1 |
| v. | |
| DEPARTMENT OF HOMELAND<br> SECURITY,<br> Agency. | DATE: June 2, 2023 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

David L. Ross, Esquire, Beverly Hills, California, for the appellant.

David Malone, Long Beach, California, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action appeal for lack of jurisdiction because he failed to nonfrivolously allege that he disclosed a substantial and specific danger to health and safety, and even assuming that he did, he failed to nonfrivolously

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

allege that any of the individuals involved in the alleged retaliatory personnel actions were aware of such a disclosure. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 On petition for review, the appellant disputes the administrative judge's finding that he failed to nonfrivolously allege that his disclosure in January 2014 regarding a portal alert system malfunction at the Los Angeles International Airport amounted to a disclosure of a substantial and specific danger to public health or safety. Petition for Review (PFR) File, Tab 1 at 5, 11-13.[2] In support

---

[2] He also argues that the administrative judge erred in failing to consider his filing of an equal employment opportunity (EEO) complaint as a protected disclosure under 5 U.S.C. § 2302(b)(8), in addition to protected activity under section 2302(b)(9). PFR File, Tab 1 at 5-6, 12-13. Such an argument, however, is unavailing. An alleged disclosure based on a violation of Title VII does not amount to a protected disclosure because disclosures that are limited to EEO matters that are covered under 5 U.S.C. § 2302(b)(1) and (b)(9) are excluded from coverage under section 2302(b)(8). *See Edwards v. Department of Labor*, 2022 MSPB 9, ¶¶ 10-17 (clarifying the Board's precedent that opposing practices made unlawful by Title VII does not constitute a protected disclosure under section 2302(b)(8)); *see also Redschlag v. Department of the Army*, 89 M.S.P.R. 589, ¶ 84 (2001) (holding that purported disclosures that involve alleged discrimination or reprisal for engaging in activities protected by Title VII, even if made outside of the grievance or EEO processes, do not constitute protected

of his argument, he summarily states that he disclosed "national safety concerns involving deficiencies in the inspection of potentially dangerous cargo, especially where the alarm system triggering notification of potential radioactive material or explosives was malfunctioning." *Id.* at 11. However, he fails to explain the nature or details of what he disclosed, or how it amounted to a disclosure of substantial and specific danger, or identify any error in the administrative judge's description or analysis of his alleged disclosure. Regardless, even assuming that it amounted to a protected disclosure, the appellant does not challenge the administrative judge's findings that he failed to nonfrivolously allege that it was a contributing factor in any of the agency's alleged retaliatory personnel actions. Although he asserts generally that the administrative judge erred in finding that his whistleblowing was not a contributing factor in the agency's actions, he has not identified any specific error in the administrative judge's analysis. Thus, he has not established any basis for reversing the initial decision.

¶3        The appellant also disputes the administrative judge's finding that he failed to nonfrivolously allege that his resignation was involuntary and amounted to a constructive removal.[3] PFR File, Tab 1 at 6, 14-15. In support of his claim that he involuntarily resigned, the appellant argued below that he "would not have resigned but for the charges against him which were manufactured and the threat of termination which the [a]gency initially carried out by its letter of termination effective January 20, 2016, the EXACT day that he could first retire." Initial Appeal File (IAF), Tab 4 at 12. The administrative judge found that the appellant failed to nonfrivolously allege that the agency lacked reasonable grounds to terminate him. IAF, Tab 7, Initial Decision (ID) at 15-16. In particular, she found that the agency reasonably required him to undergo a fitness-for-duty

---

whistleblower activity under section 2302(b)(8) because they pertain to matters of discrimination covered by section 2302(b)(1)(A)).

[3] Although the appellant refers to his claim as an involuntary resignation, it appears that he may be alleging that he involuntarily retired. PFR File, Tab 1 at 8.

examination after he presented medical documentation indicating that he had certain limitations, and as a result of its determination that he was not fit for duty, the agency was left with little alternative but to propose the appellant's removal for medical inability to perform his job duties. ID at 16. She also found that, prior to issuing the proposed removal, the agency provided the appellant with an opportunity to be reassigned to another position within his medical restrictions, but he refused to engage in the process. *Id.*

¶4        On review, the appellant does not dispute these findings. Rather, he contends that the administrative judge erred in finding that he resigned in lieu of being terminated instead of considering his claim that he resigned due to harassment. PFR File, Tab 1 at 14-15. He argues that the hostile work environment and harassment were the main reasons he was forced to resign. *Id.* at 15. However, the administrative judge also considered the totality of the circumstances, including all of the agency's alleged retaliatory actions in moving the appellant to the day shift, seeking disciplinary action before the Disciplinary Review Board, and subjecting him to a fitness-for-duty exam, but found that such actions did not render the appellant's working conditions so intolerable that a reasonable person would have felt compelled to resign. ID at 15-16. Thus, the appellant's arguments amount to mere disagreement with the administrative judge's findings and do not provide a basis for reversal. *See, e.g.*, *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.