**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

TYRONE D. SCOTT,
             Appellant,

             v.

DEPARTMENT OF THE ARMY,
             Agency.

DOCKET NUMBER
SF-1221-22-0512-W-1

DATE: April 18, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Tamika Sykes, Esquire, Atlanta, Georgia, for the appellant.

Harrison Spencer, Arlington, Virginia, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to VACATE the administrative judge's finding that the appellant did not exhaust his allegation that he engaged in protected activity by filing a complaint with the Office of Inspector General (OIG), we AFFIRM the initial decision.

On review, the appellant asserts that the administrative judge conflated the jurisdictional analysis with the merits and that he did not search for regulations that could have applied to the appellant's alleged whistleblower disclosures. *Scott v. Department of the Army*, MSPB Docket No. SF-1221-22-0512-W-1, Petition for Review (PFR) File, Tab 4 at 9. We find that the administrative judge properly advised the appellant of his burden to establish jurisdiction over his appeal and applied the correct legal standards in the initial decision. *Scott v. Department of the Army*, MSPB Docket No. SF-1221-22-0512-W-1, Initial Appeal File (IAF), Tab 3 at 2-3; Tab 14, Initial Decision (ID). For the first time on review, the appellant asserts that his alleged disclosures evidenced violations of Army Regulation 870-5. PFR File, Tab 4 at 9-10. We decline to consider this new argument because the appellant has not established that it was unavailable before the record closed before the administrative judge despite his due diligence. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 213-14 (1980); 5 C.F.R. § 1201.115. To the extent the appellant alleges on review that he disclosed violations of Title VII of the Civil Rights Act of 1964, PFR File, Tab 4 at 6-7, we agree with the administrative judge that those disclosures are excluded from

coverage under whistleblower protection statutes. ID at 14; *see Edwards v. Department of Labor*, 2022 MSPB 9, ¶¶ 9-25, *aff'd*, No. 22-1967 (Fed. Cir. July 7, 2022).

We next address the appellant's assertion that the administrative judge denied his "motion for permission to file additional evidence." PFR File, Tab 4 at 5. On August 22, 2022, the administrative judge issued an order rejecting a pleading filed by the appellant. IAF, Tab 12 at 1-2. He explained that, based on the substance of the pleading, it appeared that it related to another of the appellant's Board appeals and not the instant appeal. *Id.* The administrative judge explained that, if the appellant intended to make another submission related to the Board's jurisdiction in this appeal, he may do so before the record closed. *Id.* at 2. The appellant did not make another submission before the record closed. We therefore find no error in the administrative judge's ruling. To the extent the appellant asserts on review that the record before the administrative judge was incomplete, PFR File, Tab 4 at 5, 9, he has not explained why he did not file the documents he wanted the administrative judge to consider. We have considered the appellant's assertion that his counsel was ineffective. PFR File, Tab 4 at 5, 7-8. However, an appellant is responsible for the errors of his chosen representative. *See Sofio v. Internal Revenue Service*, 7 M.S.P.R. 667, 670 (1981).

The appellant has not challenged the administrative judge's findings with respect to exhaustion. PFR File, Tab 4. The appellant's initial filing with the Office of Special Counsel (OSC) is contained in one of the appellant's earlier filings with the Board, and we take notice that he appears to have exhausted a claim with OSC that he engaged in protected activity pursuant to 5 U.S.C. § 2302(b)(9) by filing a complaint with the Department of Defense's OIG Hotline. *Scott v. Department of the Army*, MSPB Docket No. SF-0752-16-0569-I-1, Appeal File, Tab 1 at 31. We therefore vacate the administrative judge's finding that this protected activity was not exhausted. ID at 15 n.9. The

appellant has not challenged the administrative judge's alternative finding that he did not make a nonfrivolous allegation that any decision maker had knowledge of his protected activity. *Id.* In fact, the appellant did not discuss his OIG activity in any of his filings in this appeal. We therefore find that the appellant failed to nonfrivolously allege that his OIG activity was a contributing factor to any of the alleged personnel actions. Accordingly, we affirm the administrative judge's dismissal of this appeal for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[2]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.