**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| JANET R. SANTANGELO,<br>　　　　　　Appellant, | DOCKET NUMBER<br>PH-1221-16-0237-W-1 |
| 　　　v. | |
| DEPARTMENT OF THE TREASURY,<br>　　　　　　Agency. | DATE: June 12, 2024 |

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Ronica Scales</u>, Esquire, <u>Shaun Southworth</u>, Esquire, and <u>Terina Williams</u>,
　　Esquire, Atlanta, Georgia, for the appellant.

<u>Alison K. Sablick</u>, Esquire, New York, New York, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which denied her request for corrective action in this individual right of action (IRA) appeal. For the reasons discussed below, we GRANT the appellant's petition for

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

review, VACATE the initial decision, and REMAND the case to the Northeastern Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

The appellant was a GS-14 Supervisory Appeals Officer for the agency's Internal Revenue Service. Initial Appeal File (IAF), Tab 10 at 167. In 1997, she was temporarily promoted to the GS-15 grade level. *Id.* at 43, 167. She was returned to the GS-14 grade level in 2002, although she maintained that she continued to perform GS-15 grade level work.[2] *Id.* at 167.

In the years following the end of her temporary promotion, the appellant made numerous purported disclosures about the alleged misclassification of her position to various agency officials. *Id.* at 167-68. For instance, she submitted five or six requests to human resources about her alleged misclassification between 2010 and 2012, and raised her alleged misclassification with her supervisor between January 2011 and June 2012. *Id.* at 168.

The appellant also made purported disclosures regarding two other matters. First, in August 2013, she informed her supervisor and another management official about an alleged inconsistency in her team's case productivity data. IAF, Tab 10 at 172, Tab 25 at 65-69, 162-63. Additionally, on December 12, 2013, the appellant suffered a laceration to her face when a subordinate threw a case file at her. IAF, Tab 10 at 173. Approximately 20 minutes after that incident, she described the altercation in an email to her supervisor, other management officials, and officials with the Treasury Inspector General for Tax Administration (TIGTA). IAF, Tab 25 at 73. When she returned to work on December 16, 2013, she informed some of these same individuals that the locks around her office had not been changed, as she asserted should have been done

---

[2] At times, the appellant was on a pay plan in which the IR-04 grade level was equivalent to GS-14 grade level and the IR-03 grade level was equivalent to the GS-15 grade level. IAF, Tab 5 at 50, Tab 10 at 178. For convenience, we refer to the appellant's grade level by its general schedule equivalent.

following the incident to prevent her subordinate's unannounced entry. IAF, Tab 10 at 86-87, 174.

On December 23 and 30, 2013, the appellant informed officials with TIGTA and agency officials charged with oversight of security matters about alleged inaccuracies in the agency and local police reports regarding the altercation. *Id*. at 93-94, 175. On February 6, 2014, she similarly informed her new supervisor, among others, about the alleged inaccuracies. *Id*. at 92-94, 175-76.

On February 27, 2014, the agency proposed the appellant's suspension for failing to follow managerial instructions. *Id*. at 110. Specifically, she failed to assign a case and to attend a counseling session as directed. *Id*. The appellant did not respond to the proposal notice. *Id*. at 114. The agency sustained the proposal and suspended the appellant for 5 days. *Id*. at 113-15.

On June 5, 2014, the appellant's supervisor ordered her to stop raising the issue of the alleged misclassification of her position unless she had new and material information to offer because the agency had repeatedly addressed her concerns and rejected them. *Id*. at 117. On June 19, 2014, the appellant forwarded her supervisor a 2010 email in which she had raised her misclassification claim to an agency official. *Id*. at 119. On August 1, 2014, the agency proposed the appellant's suspension for her failure to follow the instruction. *Id*. at 123. The appellant did not respond to the proposal notice. *Id*. at 127. On October 9, 2014, the agency sustained the proposal and suspended the appellant for 10 days. *Id*. at 126-28.

On February 18, 2015, the appellant discussed with her supervisor what she called the "old business" of, inter alia, the alleged misclassification of her position and the December 2013 altercation. IAF, Tab 5 at 41, Tab 10 at 180, Tab 26 at 82. He told her that they could continue their discussion the following week and that she should send him a single email with a list of issues she wanted to discuss. IAF, Tab 5 at 41. He "[s]pecifically advised her to not send [him]

multiple emails" on the subject. *Id.* Before and after the February 25, 2015 meeting, the appellant sent her supervisor approximately 32 emails regarding her "old business." IAF, Tab 5 at 42-43, Tab 10 at 180-81.

On June 24, 2015, the agency proposed the appellant's removal based on 4 charges with a total of 33 specifications. IAF, Tab 5 at 20-26. The agency charged the appellant with the following: (1) insubordination; (2) failure to follow management directives; (3) misuse of time during official work days; and (4) unprofessional behavior. *Id.* One of the specifications under the second charge concerned the appellant's transmission to her supervisor of approximately 32 emails on February 25, 2015, regarding her "old business." IAF, Tab 5 at 21, 42-43, Tab 10 at 80-81. The appellant did not reply to the proposed removal. IAF, Tab 5 at 17. The agency removed the appellant effective July 28, 2015. *Id.* at 16-19.

The appellant filed a complaint with the Office of Special Counsel (OSC) and then filed this IRA appeal after receiving her close-out letter. IAF, Tab 1. After holding the requested hearing, the administrative judge issued an initial decision in which he identified the following as the appellant's alleged disclosures: (1) the email concerning the incident of workplace violence on December 12, 2013, including her following stated concerns as to the agency's response to and investigation of the incident; (2) 2013 and 2014 communications regarding the misclassification of her position; and (3) expressed concerns as to the inaccurate production data for her team, which she disclosed in 2013. IAF, Tab 35, Initial Decision (ID) at 12.

Of these disclosures, the administrative judge only found that the following were protected: (1) the appellant's contemporaneous email regarding the December 12, 2013 incident; and (2) her communications regarding the misclassification of her position generally. *Id.* at 16-25. As to disclosure (1), he concluded that the appellant's later communications about the agency's report and handling of the December 12, 2013 incident were not protected. ID at 19-22. As

to disclosure (2), he found that by the time the appellant sent her June 19, 2014 email as to the misclassification of her position, she no longer reasonably believed that the position was misclassified. ID at 30-31. The administrative judge determined that disclosure (3), the appellant's communications concerning the alleged inconsistency in her team's case productivity data, was not protected. ID at 17-18. Finally, he found that the appellant's communications as to "old business," including the 32 emails she sent her supervisor on this topic, were not protected because they concerned matters that the agency already had addressed and resolved. ID at 34-35.

The administrative judge found that the appellant established that her protected disclosures were a contributing factor in her two suspensions and removal. ID at 25. He concluded, however, that the agency proved by clear and convincing evidence that it would have taken the same actions in the absence of the appellant's protected disclosures. ID at 25-37. He therefore denied her request for corrective action. ID at 38.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed a response to the petition. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

This case involves disclosures made both prior to and after the December 27, 2012 effective date of the Whistleblower Protection Enhancement Act of 2012 (WPEA), and personnel actions that occurred after that date. Because the agency knew of the parties' rights, liabilities, and duties under the WPEA when it suspended and removed the appellant, the WPEA should be applied in this matter. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 50-51. Under the WPEA, the Board has jurisdiction over an IRA appeal if the appellant has exhausted her administrative remedies before OSC and makes nonfrivolous allegations that (1) she made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C.

§ 2302(b)(9)(A)(i), (B), (C), or (D), and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)(2)(A).[3] *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016).

Once an appellant establishes jurisdiction over her IRA appeal, she is entitled to a hearing on the merits of her claim, which she must prove by preponderant evidence. *Id.* If the appellant proves that her protected disclosure or activity was a contributing factor in a personnel action taken against her, then the agency is given an opportunity to prove, by clear and convincing evidence, that it would have taken the same personnel action in the absence of the protected disclosure. *Id.*

<u>The administrative judge should have found that the appellant's communications to the TIGTA were protected activity under 5 U.S.C. § 2302(b)(9)(C).</u>

The appellant sent the emails reporting the December 12, 2013 incident to, among others, TIGTA employees. IAF, Tab 25 at 73. She also included the TIGTA on her December 16 and 30, 2013 emails regarding alleged inaccuracies in the reports of the incident completed by the agency and local police and the agency's failure to immediately change the office locks. IAF, Tab 10 at 87, 94, 174, Tab 25 at 74. During a meeting with a TIGTA employee on December 23, 2013, the appellant informed the employee that the local police report of the December 12, 2013 incident inaccurately characterized the nature of the incident. IAF, Tab 10 at 175. Other than the December 12, 2013 email, the administrative judge found that none of these disclosures were protected. In doing so, he determined that the appellant did not prove that she reasonably believed that her other communications disclosed wrongdoing protected under section 2302(b)(8). ID at 13, 19-20, 23. This finding was in error.

---

[3] The parties do not dispute the administrative judge's finding that the Board has jurisdiction over the appeal. ID at 1. They also do not dispute the administrative judge's description of the disclosures and personnel actions at issue. ID at 12-13. We discern no basis to disturb these findings.

A protected whistleblowing disclosure is one that a reasonable person in the appellant's position would believe evidenced one of the categories of wrongdoing specified in 5 U.S.C. § 2302(b)(8). 5 U.S.C. § 2302(a)(2)(D); *Salerno*, 123 M.S.P.R. 230, ¶ 6 (discussing this standard at the jurisdictional stage of an IRA appeal). The test to determine whether a putative whistleblower has a reasonable belief in the disclosure is an objective one: whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee could reasonably conclude that the actions of the agency evidenced a violation of law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. *Salerno*, 123 M.S.P.R. 230, ¶ 6. However, unlike protected "disclosures" under 5 U.S.C. § 2302(b)(8), 5 U.S.C. § 2302(b)(9)(C) does not require proof that the employee has a reasonable belief that she is disclosing wrongdoing when "cooperating with or disclosing information to the Inspector General . . . in accordance with applicable provisions of law."[4]

As discussed above, the WPEA applies to this appeal. Therefore, the appellant's statements to the TIGTA are protected activity under 5 U.S.C. § 2302(b)(9)(C), and the Board has jurisdiction over them in this IRA appeal.[5] *See Salerno*, 123 M.S.P.R. 230, ¶ 5. Further, the administrative judge found, and the record supports, that the appellant proved by preponderant evidence that she engaged in this protected activity. ID at 18-21. Therefore, we must remand this

---

[4] During the pendency of this appeal, the National Defense Authorization Act for Fiscal Year 2018, Pub. L. No. 115-91, 131 Stat. 1283, was signed into law on December 12, 2017. It expanded the activities protected under 5 U.S.C. § 2302(b)(9)(C) to include cooperating or disclosing information to "any . . . component responsible for internal investigations or review." Pub. L. No. 115-91, § 1097(c)(1)(A), 131 Stat. 1283, 1618. That expansion does not affect the outcome of this appeal because all of the relevant events occurred prior to December 12, 2017. *See Edwards v. Department of Labor*, 2022 MSPB 9, ¶¶ 29-33 (finding that the changes to section 2302(b)(9)(C) do not apply retroactively), *aff'd*, No. 22-967 (Fed. Cir. July 7, 2023).

[5] The administrative judge found that the appellant exhausted her OSC remedy as to her disclosures arising out of the December 12, 2013 incident. ID at 12.

issue for the administrative judge to make factual findings as to whether the appellant met her burden to prove by preponderant evidence that this activity was a contributing factor in a personnel action and if the agency met its burden to prove its affirmative defense. *See Mastrullo v. Department of Labor*, 123 M.S.P.R. 110, ¶ 27 (2015) (remanding for an administrative judge to make additional factual findings and credibility determinations to determine if an agency threatened an appellant with a personnel action in reprisal for whistleblowing). In doing so, we observe that because the administrative judge already addressed the appellant's December 13, 2013 email as a protected disclosure (discussed below), he is not required to separately address it as a protected activity. In addition, the appellant's February 6, 2014 email to her supervisor and others about purported inaccurate reports concerning the altercation need not be addressed, because the appellant has not alleged that she forwarded that email to the TIGTA. IAF, Tab 10 at 92-94, 175-76.

The appellant failed to prove that her June 19, 2014 disclosure regarding the alleged misclassification of her position was protected.

The appellant argues that her June 2014 email constituted a protected disclosure that was a contributing factor in some of the personnel actions taken against her. PFR File, Tab 1 at 8-10. The administrative judge found that this email was not protected because it violated her supervisor's instruction to refrain from raising her misclassification issue again unless she had new and material information to offer. ID at 29-30. The appellant essentially argues that an otherwise protected disclosure cannot lose its protection simply because the agency instructed her not to make it. PFR File, Tab 1 at 9-10. In this instance, we agree with the appellant. *See Grubb v. Department of the Interior*, 96 M.S.P.R. 361, ¶¶ 2-6, 12, 14 (2004) (finding that disclosures of time and attendance abuse were protected despite the appellant's violation of her supervisor's instruction to stop investigating her coworkers' comings and goings and discussing their office activities).

The administrative judge further found that the appellant's June 2014 email was not protected because the Office of Personnel Management (OPM) had completed an audit and determined that the appellant's position was not misclassified. ID at 30. The appellant challenges this finding on review. PFR File, Tab 1 at 10 n.1.

Regardless of whether OPM had made such a determination, the agency had addressed it on multiple occasions. The appellant does not dispute that by June 19, 2014, the agency had found, in 2012 and again in February 2014, that her position was correctly classified. ID at 30 (citing IAF, Tab 25 at 119); PFR File, Tab 1. She argued below that this finding was inconsistent with an internal rule requiring that the agency "ensure that positions are classified consistent with [an OPM] policy," which provides "that the grade of a position may be determined by the performance of higher-graded duties which constitute at least 25 percent of an employee's work time." Internal Revenue Manual, Part 6, Human Resources Management, § 6.511.1.7.4(2), https://www.irs.gov/irm/part6/irm_06-511-001 (last visited June 12, 2024); IAF, Tab 10 at 26. In her June 2014 email, the appellant seemed to indicate that at least 25 percent of the work that she supervised was commensurate with higher-graded duties. IAF, Tab 10 at 119.

We agree with the administrative judge that by June 2014 the appellant's continued claim that she was performing GS-15 level work was unavailing. In essence, the appellant was disagreeing with the agency's ruling that her position was properly rated at the GS-14 level. *Id.* An employee's disagreement with an agency ruling or adjudication does not constitute a protected disclosure even if that ruling was legally incorrect. *O'Donnell v. Department of Agriculture*, 120 M.S.P.R. 94, ¶ 15 (2013), *aff'd per curiam*, 561 F. App'x 926 (Fed. Cir. 2014), *and clarified on other grounds by Webb v. Department of the Interior*, 122 M.S.P.R. 248, ¶ 9 (2015).

The parties do not dispute that the administrative judge's finding that the appellant's earlier disclosures of the alleged misclassification of her position were protected. ID at 16-17. Nor do they dispute his finding that the appellant's disclosure of the alleged inaccurate production data was not protected. ID at 17-18. Finally, they present no argument that the administrative judge erred in finding that the appellant met her burden to prove that her protected disclosures were a contributing factor in the agency's personnel actions. ID at 25. We discern no basis to disturb these conclusions.

<u>The agency established by clear and convincing evidence that it would have taken the same personnel actions in the absence of the appellant's protected disclosures.</u>

As to the appellant's protected disclosures, the only remaining question is whether the agency proved by clear and convincing evidence that it would have taken the same actions notwithstanding (1) the appellant's contemporaneous email regarding the December 12, 2013 incident, and (2) her earlier communications regarding the misclassification of her position. In determining whether the agency has met its burden of proving by clear and convincing evidence that it would have taken the same action absent the appellant's disclosure, the Board will consider all the relevant factors, including the following: (1) the strength of the agency's evidence in support of its action; (2) the existence and strength of any motive to retaliate on the part of the agency officials involved in the decision; and (3) any evidence that the agency takes similar actions against employees who did not engage in such protected activity, but who are otherwise similarly situated. *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999). The Board does not view these factors as discrete elements, each of which the agency must prove by clear and convincing evidence, but rather weighs these factors together to determine whether the evidence is clear and convincing as a whole. *Lu v. Department of Homeland Security*, 122 M.S.P.R. 335, ¶ 7 (2015).

*The appellant has failed to show that the administrative judge erred in his application of the first Carr factor.*

The appellant argues that the administrative judge erroneously applied *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1372 (Fed. Cir. 2001). PFR File, Tab 1 at 6-8. Citing *Yunus*, the administrative judge found that "[w]hen examining the strength of the agency's evidence, the Board will look at the evidence the agency had before it when it took the [personnel] action." ID at 25 (emphasis omitted). Because the appellant failed to submit replies to the proposed suspensions or the proposed removal, and the evidence before the deciding official was undisputed, the administrative judge found that the agency "cleared [the first] *Carr* hurdle almost by default." ID at 25-26.

The administrative judge further found, however, that "[e]ven if [he were to] consider the appellant's responses to the disciplinary actions that she presented [during the Board proceedings], [he] would still conclude that the agency had ample evidence for its actions." ID at 27. He then went on to discuss the responses the appellant gave at the hearing to the various charges, which he found unpersuasive. ID at 27-35. The appellant asserts that the administrative judge's "even if" comment demonstrates that he did not "officially" consider her evidence. PFR File, Tab 1 at 7. The appellant argues that "it is error to analyze the evidence from the perspective of what the [a]gency had before it instead of the actual underlying strength of the evidence." *Id.* at 6-7; *Whitmore v. Department of Labor*, 680 F.3d 1353, 1368 (Fed. Cir. 2012) (explaining that both evidence supporting, and detracting from, a conclusion must be considered in determining if an agency proves its affirmative defense in an IRA appeal).

Despite the administrative judge's use of the phrase "even if," he identified and resolved the appellant's challenges as to the strength of the agency's stated reasons for its actions. ID at 27-35. Thus, we discern no harmful error in his expressed concern that the appellant failed to present this evidence to the agency in the first instance. *Id.* at 7-8; *Panter v. Department of the Air Force*,

22 M.S.P.R. 281, 282 (1984) (providing that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

The appellant also argues that the administrative judge erred in a number of other respects regarding the first *Carr* factor. PFR File, Tab 1 at 8-11. She argues that the initial decision should be reversed because the administrative judge found that, if he considered the appellant's evidence, he still would have found "ample evidence" supporting the agency action. *Id.* at 8 (referring to ID at 27). She asserts that the proper standard is "strong evidence." *Id.* We find that the administrative judge correctly identified the standard. ID at 11, 25; *see Lu*, 122 M.S.P.R. 335, ¶ 7. Read in context, the administrative judge's statement that "the agency had ample evidence for its actions," is simply a restatement of his finding that the agency had strong evidence for its actions. ID at 27.

The appellant's 5-day suspension was based, in part, on her failure to attend a scheduled counseling session with her supervisor on February 6, 2014. IAF, Tab 10 at 110. The appellant argues that the administrative judge failed to consider that "[equal employment opportunity] law does not require accusers to confront their harassers." PFR File, Tab 1 at 8. She asserts that she became ill from a last-minute notice to meet with someone she believed was retaliating against her. *Id.* The administrative judge found that the appellant's claim, that she could not meet with her supervisor because she fell ill, was not credible. ID at 27-28.

When, as here, an administrative judge's findings are "intertwined with issues of credibility and an analysis of [the appellant's] demeanor at trial," the Board affords them "special deference." *Purifoy v. Department of Veterans Affairs*, 838 F.3d 1367, 1373 (Fed. Cir. 2016). The Board may overturn such findings only if it can articulate sound reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1300-01 (Fed. Cir. 2002). On review, the appellant has not specifically challenged the administrative judge's finding that

her claim of falling ill was not credible, and we discern no reasons for overturning it.

Also regarding the 5-day suspension, the appellant argues, without citing to the record, that the administrative judge failed to consider the appropriateness of an alternative penalty, whether the action was inconsistent with the agency's table of penalties, and whether the penalty was excessive. PFR File, Tab 1 at 8. However, because this is an IRA appeal, the appropriateness of the penalty imposed by the agency is not at issue. *Weaver v. Department of Agriculture*, 55 M.S.P.R. 569, 576 (1992); *see* 5 C.F.R. § 1209.2(c) (listing the issues before the Board in deciding the merits of an IRA appeal). In any event, we do not discern a basis to conclude that the agency's imposition of a 5-day suspension for two instances of failure to follow instructions was overreaching. *See Archerda v. Department of Defense*, 121 M.S.P.R. 314, ¶¶ 24-27 (2014) (finding that removal for failure to follow an instruction to provide medical documentation was within the tolerable limits of reasonableness).

Regarding the 10-day suspension, the appellant argues that it was unlawful for the agency to discipline her for her June 2014 email concerning her position misclassification. PFR File, Tab 1 at 8-10. As stated above, we agree with the administrative judge that the June 2014 email was not protected. Thus, we cannot grant corrective action based on the agency's discipline for her violation of this instruction. *See* 5 U.S.C. § 1221(e)(1) (requiring the Board to grant corrective action, subject to the provisions of section 1221(e)(2), if it finds that a protected disclosure or activity was a contributing factor in an agency personnel action).

The appellant was removed for, among other things, refusing to work on certain cases and failing to account for her time during certain periods of work between January and May 2015. IAF, Tab 5 at 20-23. The appellant asserts that she refused to work on the cases because she lacked the requisite training. PFR File, Tab 1 at 10; IAF, Tab 25 at 18-19. Because she failed to identify specific evidence in the record to corroborate her assertion, we discern no basis to grant

her petition. *See* 5 C.F.R. § 1201.114(b) (explaining that a petition for review must be supported by specific references to the record). She also asserts that the administrative judge failed to consider her testimony that she continued to work on other assignments during the time in question. PFR File, Tab 1 at 10. In fact, it appears that the administrative judge did recount her testimony in this regard and he found it not credible. ID at 33; *see Purifoy*, 838 F.3d at 1373.

Additionally, the appellant argues that the administrative judge failed to apply the *Douglas* factors[6] to determine whether the penalty of removal was reasonable. PFR File, Tab 1 at 10-11. As stated above, because this is an IRA appeal, the agency is not required to prove that its penalty was reasonable. Nor, in any case, does the appellant explain how application of the *Douglas* factors would undermine the strength of the agency's evidence that her removal resulted from her misconduct. Accordingly, her argument is without merit.

> *The appellant has failed to show that the administrative judge erred in his application of the second Carr factor.*

The appellant argues that, in considering the strength of the agency's motive to retaliate, the administrative judge ignored the fact that the agency attempted to suppress the disclosures, such as through her 10-day suspension. PFR File, Tab 1 at 11. As discussed above, we find that the appellant's June 2014 email, leading to her 10-day suspension, was not protected. Accordingly, her 10-day suspension did not demonstrate that the agency was attempting to suppress her protected disclosure or discourage others from making protected disclosures. The appellant does not otherwise challenge the administrative judge's findings that the agency did not have a strong motive to retaliate, and we decline to disturb these findings. ID at 35-37.

---

[6] In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), the Board recognized a number of factors that are relevant for consideration in determining the appropriateness of a penalty in a chapter 75 appeal.

*The appellant has failed to show that the administrative judge erred in his application of the third Carr factor.*

The appellant argues that the administrative judge erroneously placed the burden regarding the third *Carr* factor on her, in that he found that she presented no evidence that the agency was more lenient with nonwhistleblowers. PFR File, Tab 1 at 11. We find that the administrative judge merely observed that neither the appellant nor the agency presented evidence regarding this issue and that he did not place any burden on her to present evidence on this factor. ID at 37.

The appellant similarly argues that the administrative judge only considered whether there was evidence of nonwhistleblowers being treated more leniently, without considering whether the agency took similar actions against nonwhistleblowers who are otherwise similarly situated. PFR File, Tab 1 at 11-12. We find that the administrative judge merely rephrased the correct legal standard and did not apply an incorrect legal standard. ID at 37. In particular, the appellant does not dispute the administrative judge's finding that neither party presented any relevant evidence as to *Carr* factor 3.

The appellant also argues that the agency's failure to produce evidence on the third *Carr* factor means that it failed to meet its clear and convincing burden. *Id*. at 11-13. However, as the administrative judge correctly stated, the agency does not have an affirmative burden to produce evidence as to each *Carr* factor. ID at 11; *Lu*, 122 M.S.P.R. 335, ¶ 7. The administrative judge found that the record regarding the third *Carr* factor was essentially empty and noted that both parties agreed that disciplinary actions against managers like the appellant were rare. ID at 37. Our reviewing court has held that "the absence of any evidence relating to *Carr* factor three can effectively remove that factor from the analysis," but that the failure to produce evidence "may be at the agency's peril," and may imperil the agency's overall case. *See Whitmore*, 680 F.3d at 1374-75. Moreover, when the agency fails to introduce relevant comparator evidence, the third *Carr* factor cannot weigh in favor of the agency. *Smith v. General Services*

*Administration*, 930 F.3d 1359, 1367 (Fed. Cir. 2019); *Siler v. Environmental Protection Agency*, 908 F.3d 1291, 1299 (Fed. Cir. 2018). Under the circumstances of this appeal, however, we find that the third *Carr* factor is not a significant consideration in our analysis of this case. In any event, we find that the strength of the agency's evidence outweighs the other two factors, and we agree with the administrative judge that the agency proved by clear and convincing evidence that it would have taken the same personnel actions against the appellant in the absence of any protected disclosure. ID at 25-37.

Accordingly, for the reasons set forth above, we agree with the administrative judge that the appellant is not entitled to corrective action as it concerns her protected disclosures.

## ORDER

For the reasons discussed above, we remand this case to the regional office for further adjudication of the appellant's allegation of reprisal for protected activity in accordance with this Remand Order. Because the record already was developed in this matter, the administrative judge should exercise his discretion in determining whether to accept additional evidence or hold a supplemental

hearing. The administrative judge may adopt his prior findings as to the appellant's claims of reprisal for protected disclosures in his remand initial decision.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.