# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

AYESHA J. BECK,
   Appellant,

  v.

DEPARTMENT OF VETERANS
  AFFAIRS,
   Agency.

DOCKET NUMBER
AT-1221-19-0027-W-1

DATE: July 10, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Sterling Deramus</u>, Esquire, Birmingham, Alabama, for the appellant.

<u>W. Robert Boulware</u>, Montgomery, Alabama, for the agency.

<u>Glynneisha Bellamy</u>, Decatur, Georgia, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which denied her request for corrective action in this individual right of action (IRA)

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

appeal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to address the administrative judge's analysis of the second factor identified in *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999), we AFFIRM the initial decision.

## BACKGROUND

The appellant was previously employed as an Administrative Officer in the Imaging Department of the Veterans Health Administration in Montgomery, Alabama. Initial Appeal File (IAF), Tab 7 at 5, Tab 9 at 9. She was hired for this position on July 11, 2016, subject to a 1-year probationary period. IAF, Tab 7 at 5, Tab 9 at 9. On November 23, 2016, the appellant's initial first-line supervisor, C.B., was replaced in her supervisory chain by J.K., the Chief of the Imaging Service. IAF, Tab 7 at 26. In February 2017, J.K. was replaced, and M.V., the Acting Chief of the Imaging Service, became the appellant's first-line supervisor. *Id.*

On April 6, 2017, the appellant provided testimony to an agency Administrative Investigation Board (AIB) concerning her experiences with the

former Chief of Imaging Service and her former first-line supervisor, J.K. *Id.* at 32-43. By an April 21, 2017 memorandum signed by the Acting Chief of Human Resources (HR), the agency terminated the appellant during her probationary period for "unacceptable conduct and performance." *Id.* at 45-46.

On May 1, 2018, the appellant filed a complaint with the Office of Special Counsel (OSC) alleging that the agency terminated her in retaliation for her AIB testimony in support of her former supervisor, J.K., and in opposition to agency management's apparent belief that J.K. engaged in mismanagement. *Id.* at 25-27. During the course of her conversations with OSC, the appellant also informed her OSC investigator that she had raised the issue of Radiological Technicians in the Imaging Department not being properly paid for time they spent "on call" with agency managers prior to her termination. IAF, Tab 11 at 7, Tab 59, Initial Decision (ID) at 6 n.6. By a letter dated August 7, 2018, OSC informed the appellant that it was closing its investigation into her complaint and provided her with Board appeal rights. IAF, Tab 11 at 9.

On October 9, 2018, the appellant timely filed the instant IRA appeal. IAF, Tab 1. After considering the parties' jurisdictional filings, the administrative judge issued an order finding that the appellant established Board jurisdiction over her claim that she made a protected disclosure under 5 U.S.C. § 2302(b)(8) when she complained to agency managers regarding Radiological Technicians in the Imaging Department not being properly paid for time they spent "on call," and that she was terminated in retaliation for her protected disclosure. IAF, Tab 31 at 1, Tab 33 at 3. However, the administrative judge also concluded that the appellant failed to establish Board jurisdiction over her claim that she engaged in protected activity under 5 U.S.C. § 2302(b)(9)(C) when she testified at the AIB, concluding that, at the time the appellant testified at the AIB on April 6, 2017, section 2302(b)(9)(C) did not include AIB testimony within its coverage, and the December 2017 amendment expanding the coverage of section 2302(b)(9)(C) to include testimony before "any other component responsible for

internal investigation or review" did not apply retroactively to the appellant's case. IAF, Tab 33 at 1-3.

After holding the appellant's requested hearing by video teleconference, IAF, Tabs 55, 57, the administrative judge issued an initial decision denying the appellant's request for corrective action, ID at 1, 18. Having previously found jurisdiction over the pay issue, IAF, Tab 33 at 3, in the initial decision, the administrative judge found that the appellant met her burden of establishing by preponderant evidence that these allegations constituted a protected disclosure under 5 U.S.C. § 2302(b)(8). ID at 6. The administrative judge also concluded that it was undisputed that the appellant's first-line supervisor, M.V., was aware of the appellant's protected disclosure, and that, given that the appellant was acting as a management liaison with HR to resolve the pay issue, it was more likely than not that the former Acting HR Chief who signed the appellant's termination letter was also aware of the appellant's protected disclosure prior to issuing the termination letter. ID at 7. Consequently, the administrative judge concluded that the appellant's disclosure was a contributing factor in the agency's decision to terminate her. *Id.* Nevertheless, the administrative judge concluded that the agency met its burden of proving by clear and convincing evidence that it would have terminated the appellant absent her protected disclosure, and consequently denied the appellant's request for corrective action. ID at 8-18.

The appellant has timely filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. The agency has filed a response in opposition to the petition for review, and the appellant has not filed a reply. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

The Board has jurisdiction over an IRA appeal based on whistleblower reprisal under the Whistleblower Protection Enhancement Act if the appellant has exhausted her administrative remedies before OSC and makes nonfrivolous

allegations that: (1) she made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action. *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016). After establishing the Board's jurisdiction in an IRA appeal, the appellant must then establish a prima facie case of whistleblower reprisal by proving by preponderant evidence that she made a protected disclosure or engaged in protected activity that was a contributing factor in a personnel action taken against her. 5 U.S.C. § 1221(e)(1); *Lu v. Department of Homeland Security*, 122 M.S.P.R. 335, ¶ 7 (2015). If the appellant makes out a prima facie case, the agency must prove, by clear and convincing evidence, that it would have taken the same personnel action in the absence of the protected disclosure or activity. 5 U.S.C. § 1221(e)(1)-(2). *Lu*, 122 M.S.P.R. 335, ¶ 7. In determining whether an agency has met this burden, the Board will consider the following factors: (1) the strength of the agency's evidence in support of its action; (2) the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and (3) any evidence that the agency takes similar actions against employees who are not whistleblowers but who are similarly situated. *Carr*, 185 F.3d at 1323.

As previously noted, the administrative judge concluded that the appellant established jurisdiction over her appeal. IAF, Tab 33. The administrative judge also found that the appellant proved by preponderant evidence that she made a protected disclosure that was a contributing factor in the agency's decision to terminate her. ID at 6-7. The parties do not dispute these findings on review, and we discern no reason to disturb them.

On review, the appellant argues that the administrative judge erred by concluding that the December 12, 2017 amendment to 5 U.S.C. § 2302(b)(9)(C) did not apply retroactively to her case. PFR File, Tab 1 at 7-13. The appellant also argues that the administrative judge failed to adequately analyze the facts,

including the fact that she had a stellar work record prior to her termination, and argues that the agency's decision to terminate her was pretextual. *Id.* at 6-7. Finally, the appellant argues that the administrative judge failed to adequately consider the fact that her protected disclosure and her AIB testimony directly implicated her first-line supervisor, M.V., and the former Acting HR Chief, and could have resulted in disciplinary action against them. *Id.* at 7.

The administrative judge correctly concluded that the December 2017 amendment to 5 U.S.C. § 2302(b)(9)(C) does not retroactively apply to the appellant's case.

Prior to December 12, 2017, the whistleblower protection statutory scheme provided that "cooperating with or disclosing information to the Inspector General of an agency, or the Special Counsel, in accordance with applicable provisions of law," is protected. 5 U.S.C. § 2302(b)(9)(C). However, section 1097(c)(1) of the National Defense Authorization Act of 2018 (NDAA), Pub. L. No. 115-91, 131 Stat. 1283, 1618 (2017), amended section 2302(b)(9)(C) to provide that, in addition to the Inspector General of an agency or the Special Counsel, a disclosure to "any other component responsible for internal investigation or review" is also protected. In *Edwards v. Department of Labor*, 2022 MSPB 9, ¶¶ 29-33, *aff'd*, No. 2022-1967, 2023 WL 4398002 (Fed. Cir. July 7, 2023), the Board concluded for the first time that, because the NDAA's amendment to section 2302(b)(9)(C) would increase an agency's liability for past conduct, based on the test set out by the U.S. Supreme Court in *Landgraf v. USI Film Products*, 511 U.S. 244, 280 (1994), the post-NDAA expansion of section 2302(b)(9)(C)'s coverage could not be given retroactive effect.

There is no dispute here that the appellant's purported protected activity of testifying before the AIB on April 6, 2017, and her allegedly retaliatory probationary termination on April 21, 2017, both occurred prior to the December 12, 2017 amendment to 5 U.S.C. § 2302(b)(9)(C). IAF, Tab 7 at 32-33, 45-46. Accordingly, we find no error in the administrative judge's conclusions that the December 2017 amendment to section 2302(b)(9)(C) does

not apply retroactively to the appellant's case, and that the appellant's AIB testimony did not constitute protected activity under the pre-amendment version of 5 U.S.C. § 2302(b)(9)(C). IAF, Tab 33; ID at 5.

We modify the administrative judge's *Carr* factor analysis but still agree with his determination that the agency met its burden of proving by clear and convincing evidence that it would have terminated the appellant in the absence of her protected disclosure.

As previously stated, once the appellant establishes her prima facie case of whistleblower retaliation, the agency must then prove, by clear and convincing evidence, that it would have taken the same personnel action in the absence of the protected disclosure or protected activity. *Lu*, 122 M.S.P.R. 335, ¶ 7. In so doing, the Board considers the factors discussed by the U.S. Court of Appeals for the Federal Circuit in *Carr v. Social Security Administration*, including the strength of the agency's evidence in support of its action, the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision, and any evidence that the agency takes similar actions against employees who are not whistleblowers but who are similarly situated. The Board does not view these factors as discrete elements, each of which the agency must prove by clear and convincing evidence. *Lu*, 122 M.S.P.R. 335, ¶ 7. Rather, the Board will weigh the factors to determine whether the evidence is clear and convincing as a whole. *Id.* We turn now to consider these factors.

> *The administrative judge correctly concluded that the first Carr factor strongly favors the agency.*

In determining that the agency met its burden with respect to the first *Carr* factor in this case, the administrative judge concluded that the agency's stated reasons for terminating the appellant were quite strong. ID at 8-16. Specifically, the administrative judge credited the testimony of the appellant's first-line supervisor, M.V., who stated that the appellant did not complete assigned duties as directed, including failing to attend morning meetings on M.V.'s behalf, failing to produce minutes from the morning meetings or producing poor quality minutes

when she did complete them, failing to complete an inventory checklist assigned to her, failing to provide updates on the progress of rescheduling veterans' missed appointments, and refusing to email a directive to Radiologists, as instructed. ID at 8-13. Further, the administrative judge credited M.V.'s testimony that she often had difficulty getting in touch with the appellant because she was regularly on her cell phone discussing non-work-related matters, despite the fact that her office was in close physical proximity to the appellant's. ID at 9-10. The administrative judge also credited the former Acting HR Chief, who testified that beginning in March 2017, he had meetings with M.V. during which she complained that the appellant failed to complete work assignments and engaged in inappropriate and disrespectful behavior, including refusing to carry out supervisory instructions. ID at 10.

By contrast, the administrative judge declined to credit the appellant's claim that she was on her cell phone for work-related matters, concluding that it was implausible that colleagues would contact her on her cell phone when she had a work phone in her office, determining that M.V.'s contrary testimony was "unequivocal, forthright, and direct." ID at 9-10 (citing *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987)). The administrative judge also declined to credit the appellant's claim that she was unaware that M.V. had concerns with the quality of her work (particularly, with respect to her production of the meeting minutes), noting that M.V.'s testimony outlining the deficiencies in the appellant's work was clear. ID at 11. Regarding the appellant's refusal to send a directive to Radiologists, the administrative judge acknowledged the appellant's claim that she refused to send the directive as ordered because she believed that, because the Radiologists were doctors, they were outside of her chain of command. ID at 12. Nevertheless, he declined to credit this rationale, concluding that the appellant's distinction concerning the "chain of command" was "artificially contrived," and that her failure to obey her supervisor's lawful instruction constituted insubordination. *Id.* Based on these instances of

"repeated insubordination," the administrative judge concluded that the appellant engaged in misconduct that justified termination during her probationary period. ID at 16. Additionally, as the administrative judge correctly noted, because the appellant was a probationer at the time of her termination, the agency was not obligated to develop a comprehensive "evidence file," or to provide her with most of the procedural protections reserved for tenured Federal employees before terminating her. ID at 14 n.12.

Aside from generally pointing to her positive work record prior to termination, the appellant does not directly challenge the administrative judge's credibility findings on review, and we see no reason to disturb them. ID at 10-15; *see Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (the Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing; the Board may overturn such determinations only when it has "sufficiently sound" reasons for doing so). Accordingly, we agree with the administrative judge's conclusion that the first *Carr* factor strongly favors the agency.

> *We modify the administrative judge's findings concerning the second Carr factor to conclude that this factor marginally favors the appellant.*

We take this opportunity to modify the administrative judge's findings with regard to the second *Carr* factor. In addressing the second *Carr* factor, which concerns the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the allegedly retaliatory action, the administrative judge concluded that neither the appellant's first-line supervisor, M.V., nor the former Acting HR Chief, the agency official who signed off on the termination decision, had any motive to retaliate against the appellant for several reasons. ID at 16-17. We find that the administrative judge took an overly restrictive view in making this finding.

First, the administrative judge noted that, with respect to the appellant's protected disclosure, her role was that of a "liaison" between the Imaging Department's leadership and HR, and as such, the appellant was a "mere conduit" for the Radiological Technicians' complaints and her disclosure did not directly affect her own pay in any way. ID at 16. Second, the administrative judge concluded that the appellant overstated her role in bringing the "on call" pay issue to the fore, noting that another employee testified that the appellant was merely "present" at one of the meetings where the pay issue was raised, and that the appellant merely "participated" in the follow-up meeting, undercutting the appellant's own testimony that she was "very vocal" regarding the issue at these meetings. ID at 17 n.14 (citing IAF, Tab 57, Hearing Compact Disc 2 (HCD 2) (testimony of A.L.)). Third, the administrative judge observed that the pay issues that formed the basis of the appellant's protected disclosure predated M.V.'s appointment as the appellant's supervisor and the former Acting HR Chief's appointment to his position. ID at 17. Fourth, the administrative judge concluded that there was no evidence in the record that the actual subjects of the disclosure, the Radiological Technicians, suffered any adverse personnel actions. *Id.* Finally, the administrative judge concluded that the pay issue did not directly affect the appellant in any way. *Id.* Based on these considerations, the administrative judge concluded that neither agency official would have had a basis for viewing the appellant as being responsible for any problems that may have arisen from this complaint, and therefore concluded that there was "no motive" to retaliate against the appellant on the part of either agency official. ID at 16-17.

As an initial matter, although the administrative judge highlighted the facts that the appellant's disclosure did not directly impact her and that her role in resolving the pay issue was limited to acting as a "liaison" between the Imaging Department and HR, as the administrative judge also acknowledged, the Board has held that even if an employee is a "conduit" for the whistleblowing

disclosures of another employee, her disclosures are protected as long as she had a reasonable belief that the information disclosed evidenced one or more of the types of wrongdoing specified in 5 U.S.C. § 2302(b)(8). *Shively v. Department of the Army*, 59 M.S.P.R. 531, 537 (1993) (concluding that a finding that an employee's disclosure was unprotected because he was acting as a conduit for the whistleblowing disclosures of another employee would run counter to Congress's intent that disclosures of wrongdoing are to be encouraged). Having determined that the appellant met her prima facie burden in making a protected disclosure, the administrative judge implicitly made a determination that the appellant had a reasonable belief that she was exposing agency wrongdoing, and the fact that she did so on the behalf of another group of employees would have no bearing on the agency's motive to retaliate against the appellant.

Additionally, the administrative judge's analysis failed to adequately consider the degree to which both agency officials may have had a motive to retaliate against the appellant because her disclosure was highly critical of their failure to expeditiously resolve the "on call" pay problem after they were alerted to the issue, thereby casting them in a negative light. The administrative judge somewhat acknowledged this consideration, noting that the former Acting HR Chief may have experienced "some level of professional embarrassment" based on the fact that he was specifically instructed by the Hospital Director, in a public forum, to resolve the pay issue after he took over as Acting HR Chief, and the issue nonetheless remained unresolved for several months thereafter. ID at 17. Nevertheless, the administrative judge ultimately dismissed this point, downplaying the significance of the appellant's role in the disclosure, and stating that any "angst" caused by the issue would not have been attributable to the appellant. *Id.*

However, as the administrative judge noted, the appellant testified without contradiction that, in a December 2016 meeting, the agency Medical Center Director specifically instructed the Acting HR Chief to fix the pay issue, and by

the time a follow-up meeting occurred in February 2017, the issue had still not been fully resolved, which could have reflected poorly on his capacity as a supervisor. ID at 3; HCD 2 (testimony of the appellant). Additionally, the complaint, and the fact that it remained unresolved for as long as it did, also could have reflected poorly on M.V. as the Acting Chief of the Imaging Service—the department where the complaining Radiological Technicians worked. The Board's reviewing court has held that a motive to retaliate may exist where a whistleblower's protected disclosures cast the agency and responsible agency managers in a negative light, or generally reflect poorly on the agency. *See Whitmore v. Department of Labor*, 680 F.3d 1353, 1370-71 (Fed. Cir. 2012) (finding motive to retaliate because the appellant's criticisms "cast [the agency], and, by implication all of the responsible [agency] officials, in a highly critical light by calling into question the propriety and honesty of their official conduct"); *Chambers v. Department of the Interior*, 116 M.S.P.R. 17, ¶ 69 (2011) (finding motive to retaliate based on criticisms of the management of an office for which the proposing and deciding officials had responsibility and in the success of which both the proposing and deciding official had an interest).

Additionally, as previously noted, in finding that the appellant demonstrated that her protected disclosure was a contributing factor in the agency's decision to terminate her, the administrative judge explicitly concluded that both agency officials were aware of the appellant's protected disclosure. *See* ID at 7 (concluding that the appellant proved that her protected disclosure was a contributing factor in the agency's decision to remove her, based on the knowledge/timing test). Based on these facts alone, it would be reasonable to conclude that both officials could have had at least some motive to retaliate against the appellant, even assuming that her role in exposing the pay issue was more limited than she made it out to be. Accordingly, we conclude that the administrative judge erred by finding that there was "no motive to retaliate" on the part of either official. ID at 16-17.

Despite this finding, we still conclude that any potential motive to retaliate by the identified agency officials was slight, at best. As the administrative judge also noted in his analysis of the second *Carr* factor, there was ample evidence in the record that, even though the appellant did play a role in raising the pay issue, her role was relatively limited, and other, more vocal, agency employees were more directly responsible for pushing for resolution of the issue, so any potential motive to retaliate against the appellant, specifically, would have been minimal. *See* ID at 17 n.14 (observing that A.L.'s testimony indicated that the appellant was merely "present" at the February meeting addressing the pay issue, and only "participated" in the follow-up meeting); HCD 2 (testimony of A.L.) (noting that she, and not the appellant, requested the February meeting between the former Acting HR Chief and supervisors to resolve the "on call" pay issue, and recalling that the appellant's role in resolving the issue, as discussed in the meeting, was to serve as the contact point to assist with having the pay correctly coded). Additionally, although the Acting HR Chief was ultimately reassigned from his position, HCD 1 (testimony of Acting HR Chief), and the appellant's first-line supervisor, M.V., ultimately left the agency, there is no indication in the record that either decision was a consequence of the appellant's purported disclosure, HCD 1 (testimony of M.V.).

Accordingly, we modify the administrative judge's finding concerning the second *Carr* factor to conclude that the responsible agency officials could have had some motive to retaliate against the appellant because of her protected disclosures, but that any such motive was very slight. Consequently, we conclude that this factor marginally favors the appellant.

> *The administrative judge correctly concluded that the lack of evidence concerning the third Carr factor favors the appellant.*

As for the third *Carr* factor, the administrative judge acknowledged the former Acting HR Chief's testimony stating that when conduct issues arise for probationary employees during their probationary period, termination is the

agency's normal course of action. ID at 18 (citing testimony of the former Acting HR Chief). However, the administrative judge concluded that the lack of any evidence concerning whether these other terminated probationary employees were whistleblowers or non-whistleblowers detracted from the agency's ability to meet its burden. *Id.* We agree. Based on the former Acting HR Chief's testimony, it appears that although the agency was aware of potential comparators and put forward testimony about potential comparators (that is, probationary employees who engaged in misconduct similar to that of the appellant), nothing in the record or in the testimony specifies whether these potential comparators were whistleblowers or non-whistleblowers.

Our reviewing court has held that "the absence of any evidence relating to *Carr* factor three can effectively remove that factor from the analysis," but that the failure to produce such evidence if it exists "may be at the agency's peril," and "may well cause the agency to fail to prove its case overall." *Whitmore*, 680 F.3d at 1374-75. Moreover, because it is the agency's burden of proof by clear and convincing evidence, when the agency fails to introduce relevant comparator evidence, the third *Carr* factor cannot weigh in favor of the agency. *Smith v. General Services Administration*, 930 F.3d 1359, 1367 (Fed. Cir. 2019); *Siler v. Environmental Protection Agency*, 908 F.3d 1291, 1299 (Fed. Cir. 2018). Under the circumstances of this case, we find that the agency has failed to introduce complete, fully explained comparator evidence, the Federal Circuit's admonitions in *Smith* and *Siler* apply, and *Carr* factor 3 does not weigh in the agency's favor.

In summary, we agree with the administrative judge's conclusion that the first *Carr* factor, concerning the strength of the agency's evidence in support of its action, weighs very strongly in the agency's favor based on the fact that the administrative judge appropriately credited the testimony of the former Acting HR Director and the appellant's first-line supervisor concerning the performance and conduct deficiencies that preceded, and ultimately justified, the appellant's

termination. We modify the administrative judge's finding concerning the second *Carr* factor, which concerns the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision, concluding that the responsible agency officials could have had a slight motive to retaliate based on the fact that the protected disclosure could have reflected poorly on their management capabilities, and conclude that this factor slightly favors the appellant. Nevertheless, we note that any potential motive was slight, at best, and that nothing in the record indicates that either responsible agency management official ever suffered disciplinary action or any other consequence as a result of the purported disclosure. Finally, we agree with the administrative judge's finding that, because the agency failed to distinguish between whistleblowers and non-whistleblowers in presenting potential comparators, the absence of evidence regarding the third *Carr* factor, which considers whether the agency takes similar actions against employees who are not whistleblowers but who are similarly situated, modestly favors the appellant.

Based on these findings, we ultimately agree with the administrative judge's conclusion because the marginal potential motive to retaliate related to the second *Carr* factor, and the lack of clear evidence presented by the agency regarding the third *Carr* factor, are outweighed by the overwhelming strength of the evidence the agency put forth regarding the appellant's performance and misconduct issues related to the first *Carr* factor, and so the agency met its burden of proving by clear and convincing evidence that it still would have terminated the appellant during her probationary period in the absence of her protected disclosures. Consequently, we affirm the initial decision, and deny the appellant's request for corrective action.

**NOTICE OF APPEAL RIGHTS**[2]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:       _____
Gina K. Grippando
Clerk of the Board

Washington, D.C.